

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2788

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions*. Paper 187.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/187

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2788
_____

JIN FU CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A78 923 575
Immigration Judge: Daniel A. Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2007
Before: AMBRO, FUENTES and FISHER, Circuit Judges

(Opinion filed :  November 27, 2007)
_____

OPINION
_____

PER CURIAM

        Jin Fu Chen petitions for review of a decision of the Board of Immigration

Appeals (BIA), dismissing his appeal and affirming the final removal order of an

Immigration Judge (IJ).  We will deny the petition.

        Chen entered the United States without inspection in 2003.  He was placed in

removal proceedings and applied for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Chen testified that his parents were Falun Gong practitioners. One day when his parents were out practicing Falun Gong, government officials came to his parents' house looking for them. The officers looked around the house and then left a summons for Chen's parents to appears later that day at a public security office. Chen went to tell his uncle, who warned Chen's parents. Chen returned to the family home. The next day, the government officials returned and became angry when Chen said he did not know where his parents were. One of the officials slapped Chen in the face and threatened that Chen would be arrested and held if his parents did not surrender. Chen left for his uncle's house, where he stayed for a week. He then moved to his aunt's house in a nearby town where he stayed for about three months before leaving China.

The IJ stated that he was "not convinced that the respondent has submitted a truthful or credible claim," but found in the alternative, that even if Chen were credible, he had not established past persecution or a well-founded fear of future persecution. A.R. 30, 33. The BIA explicitly adopted the holding that Chen "failed to met the burdens of proof on his claims of persecution and torture, even assuming that he testified credibly. A.R. 2.

We agree that the incident during which Chen was threatened with arrest does not rise to the level of persecution. We further agree that Chen did not present evidence that he was likely to be persecuted in the future. Chen testified that he does not practice Falun

Gong.[1]  The record also shows that he was able to live with relatives in a nearby village for several months without any problems.  Further, the IJ's finding that Chen left China legally undercuts his claim that he will be persecuted or tortured for leaving illegally.

Chen argued in his brief to the BIA that his attorney was ineffective, but the BIA found that Chen had not properly presented his claim, as he had not complied with the requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).[2]  See also Lu, 259 F.3d at 132 (Lozada requirements are a "reasonable exercise of the Board's discretion").  We therefore do not reach Chen's ineffective assistance claim.

Chen also belatedly attempts to raise a claim that he will be persecuted because, if he marries, he wants to have at least three children.  Besides being highly speculative, this claim was not raised before the IJ and BIA and is therefore not exhausted.  Abdulrahman, 330 F.3d at 594-95.

For the foregoing reasons, we will deny the petition.

---

[1] Chen's brief states that he now practices Falun Gong.  Petitioner's Brief at 2.  Any claim that he will be persecuted on this basis was not presented to the BIA and is not properly before us now.  8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

[2] Lozada requires (1) an affidavit of the petitioner containing details as to the agreement with counsel and actions taken or not taken by counsel; (2) that counsel be informed of the allegations and given an opportunity to respond; and (3) a complaint to be filed with disciplinary authorities or a reasonable explanation for the decision not to file a complaint.  Lu v. Ashcroft, 259 F.3d 127, 132-34 (3d Cir. 2001).